**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Criminal No. 13-00219-KD** |
| | ) | |
| **BOBBY W. ROGERS,** | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM ON BEHALF OF BOBBY W. ROGERS**

NOW COMES the Defendant, Bobby W. Rogers, by and through undersigned counsel, and hereby submits this memorandum in aid of sentencing.

**I.     INTRODUCTION**

This case presents circumstances that merit a below-Guidelines sentence. For much of the time during and since the commission of the present offense, Bobby W. Rogers was incarcerated. As well, much of the offense conduct for which he is accountable was actually carried out in his name by others, primarily co-defendant Harvey Collier. Although Rogers filled out a "pamphlet" that included a questionnaire, it was Collier that prepared the claim form, attached false and/or forged documentation to support it, and submitted the claim to GCCF for consideration. The check that was issued and mailed was sent to Roger's mother. Further, despite endorsing the check issued in his name by GCCF knowing that it was the result of a fraudulent claim, Roger's did not receive any of the proceeds.

Defendant was incarcerated in Mississippi both when the check was issued, October 31, 2011, and endorsed by him, November 11, 2011. After the check was received at his mother's address, Roger's co-defendant, Harvey Collier, travelled with Rogers' mother to visit him in prison and they brought the GCCF check. They presented the check and Rogers endorsed it on November 11, 2011. Unfortunately, when he saw the amount of the check, he knew it was wrong but he signed it anyway. Collier and his mother then took the endorsed check and Bobby Rogers remained in prison until his subsequent release on January 15, 2013. Rogers's mother told him that Collier kept the money and gave her the impression that he was holding it for Roger's until his release. However, Roger's never received financial benefit from the ill-conceived scheme.

Upon his release from Mississippi State Prison in January 2013, Defendant Bobby Rogers was determined to straighten out his life. He realized that his use and addiction to drugs had been the primary factor causing his criminal behavior and legal problems. He had stopped abusing drugs and became employed with Ron's Tree Service making as much as $120 per day. He held this job until it was terminated as a result of his arrest on the instant charge.

Roger's never denied his participation or role in the present offense.  However, he submits that he should be considered for a downward role adjustment based on the circumstances of the claim filing and his lack of benefit from the proceeds.  In addition and/or alternatively, Roger's submits that the Court should vary downward from the guidelines based on the facts of the offense conduct, and the added fact that he must appear and face a parole violation in Mississippi based on the instant offense. Further, as noted in

the presentence report, compounding his troubles even more is the still unresolved Receiving Stolen Property, 1st Degree, charge pending in the Circuit Court of Mobile County.  This offense dates back to November 8, 2009 and is related to the Mississippi offense for which he must face a parole violation. All said, Defendant faces the real potential of being incarcerated for an extremely long period of time in federal and state prison. Given the fact that he never benefitted from the proceeds, it would be unjust to sentence him to federal prison, make him pay restitution for proceeds spent by others, and then send him to Mississippi to face an additional state sentence for the same conduct. Even considering the reprehensible fraudulent conduct, such a result would be more than heavy handed.

Roger's life change and success between January 2013 and his arrest on the instant charges in October 2013 shows that he has taken responsibility for his life and dedicated himself to a new future. He remained gainfully employed during said period working fulltime and earning a decent wage. He dedicated himself to his fiancée, Melissa, and they are currently expecting a daughter in March 2014. Melissa has a 6 year old that Bobby loves and supports as his own, both emotionally and financially. Melissa needs Bobby to help contribute financially and to assist in raising the children.

Under all the circumstances of this case, including the conduct for which he has accepted responsibility and his demonstrated success prior to his arrest, Bobby Rogers believes that time served and probation is the sentence "sufficient, but not greater than necessary" to achieve statutory sentencing purposes.

## II.    18 U.S.C. §3553 and THE U.S. SENTENCING GUIDELINES

In accordance with the statutory mandate set forth in 18 USC 3553(a), as clarified by, inter alia, such decisions as *United States v. Booker,* 543 U.S. 220 (2005), *Gall v United States,* 552 U. S. 38 (2007), and *Nelson v. United States*, 555 U.S. 350 (2009), a sentencing court "shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in the statute". As clarified in *Nelson*, the Supreme Court has unmistakenly established that a sentence "within guidelines range" "does not enjoy the benefit of a legal presumption that the guidelines should apply"; further, a district judge "may not presume that the guidelines range is reasonable". *Nelson*, 555 U.S. at 352 (quoting *Gall*). As noted by the Eleventh Circuit in an en banc decision published in 2010, Section 3553(a) "plays a critical role" in appellate review of sentences "just as it does in the initial sentencing decision". *United States v. Irey*, 612 F. 3d 1160, 1184 (11th Cir. 2010)(en banc).

Rogers disagrees with the presentence reports calculation of the applicable guideline range and submits that they should be reduced by two (2) additional levels for a minor role in the offense. However, in the event the Court finds the range is properly calculated, it is respectfully submitted that the guideline punishment is overstated and that a departure is appropriate in light of his individual facts. The §3553 factors, when considered all together, weigh heavily in favor of a non guideline sentence, either by way of a downward departure, a variance, or both.

## III.      THE ADVISORY GUIDELINE RANGE.

The applicable range under the advisory Sentencing Guidelines is merely one factor that the Court must consider when imposing sentence, and the Court "may not presume that the Guidelines range is reasonable." *Gall* at 50. The defendant has filed an objection to the

guideline calculations. [Doc. 134]. The probation office has indicated that such issue should be left to the discretion of the Court [Doc. 140]. However, as oft stated, "in the wake of *Booker* . . . the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (quoting *Booker*, 542 U.S. at 264). Nevertheless, the sentencing court must first calculate the Guidelines range. *Hughes*, 401 F.3d at 546 (holding that a sentencing court is still required to "consult [the] Guidelines and take them into account when sentencing"). Defendant submits that he should be given an additional two levels off resulting in a total offense level of 7. Based on his criminal history category of VI, his guidelines are 15 - 21 months.

## III.      SECTION 3553 FACTORS

The court should exercise its discretion to impose a sentence that spares Bobby Rogers additional federal incarceration. Such a sentence is fully consistent with §3553 which requires a sentencing court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the four purposes of federal sentencing which are the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In order to impose a sentence, Section 3553 requires a sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission): (1) the nature and circumstances of the offense and the history and

characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid

unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18

U.S.C. § 3553(a)(1)-(7).

*The history and characteristics of Bobby W. Rogers.*

It has been uniform and constant in the federal judicial tradition for the sentencing

judge to consider every convicted person as an individual and every case as a unique study

in the human failings that sometimes mitigate, sometimes magnify, the crime and the

punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). Underlying this

tradition is the principle that "the punishment should fit the offender and not merely the

crime." *Williams* v. *New York,* 337 U.S. 241, 247(1949); see also *Pennsylvania ex rel.*

*Sullivan v. Ashe*, 302 U.S. 51, 55 (1937) ("For the determination of sentences, justice

generally requires consideration of more than the particular acts by which the crime was

committed and that there be taken into account the circumstances of the offense together

with the character and propensities of the offender").

The Court should exercise a wide discretion in the sources and types of evidence

used to assist it in determining the kind and extent of punishment to be imposed within

limits fixed by law," *Williams*, at 246, particularly "the fullest information possible

concerning the defendant's life and characteristics," *id.*, at 247. That principle is codified at

18 U.S.C. §3661, which provides that "[n]o limitation shall be placed on the information" a

sentencing court may consider "concerning the [defendant's] background, character, and

conduct," and at *§ 3553(a)*, which specifies that sentencing courts must consider, among other things, a defendant's "history and characteristics," *§ 3553(a)(1)*.

Bobby Roger's background demonstrates a life filled with tragedy and sadness. He was born in Mobile and raised in a broken home. His father was an alcoholic and physically abused him, his mother and his 2 brothers. His parents divorced when he was eight, and his father was killed in a horrific accident aboard a fishing boat. Even more tragic is the fact that both brothers died from gunshot in 1998: Ronnie died playing Russian roulette and William was shot and killed by Police that same year. Any one of these events alone would be difficult to endure, much less all three. It is no wonder that much of his life since these events has been plagued with addiction, arrests and incarceration.

## IV.    CONCLUSION AND REQUEST FOR SPECIFIC SENTENCE

Based on the foregoing reasons and any other that may be considered by the Court, the sentence which should be imposed in this case on Bobby Roger's is one of time served and probation. The conditions of probation may be tailored by the Court pursuant to 18 USC § 3563(b). Such a sentence will fully and adequately satisfy the statutory objectives set forth in § 3553(a). Such a sentence is in accordance with the dictates of the U.S. Supreme Court in recent cases as set out, as well as the acknowledgment by the Eleventh Circuit in an en banc decision that judges have wide authority to apply these sentencing factors. It is only in highly unusual cases that their sentencing decisions will be reversed.

As for Bobby Roger's, his involvement was less than his co-defendants, he did not benefit from the ill-gotten proceeds, yet he will be obligated to pay restitution. After his time spent in Mississippi prison, he had begun to rebuild his life and had demonstrated a period

of success when this indictment from his past was brought. He was providing for his new family, both emotionally and financially. A term of incarceration would reverse the remarkable and positive achievements Bobby had made and require him to start over again on his return to the community. Given the challenges ahead of him in Mississippi and Alabama state courts, a term of time served and probation in the instant offense is sufficient, but not greater than necessary, to reflect the seriousness of Bobby's conduct, promote respect for the law, deter crime and protect the public, allow effective correctional treatment and provide just punishment.

Respectfully Submitted,

   /s/ Gordon Armstrong
Gordon G. Armstrong, III
Attorney for Bobby W. Rogers
P.O. Box 1464
Mobile, AL  36633
(251) 434-6428
(251) 434-6413
gga3@arserv.com\

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2014, I electronically filed the foregoing under seal with the Clerk of the Court using the CM/ECF system. Counsel will send notification of such filing to all counsel of record, including the following: Maria Murphy, Attorney for the United States of America, 63 South Royal Street, Suite 600, Mobile, Alabama 36602.

   /s/ Gordon Armstrong
Gordon G. Armstrong, III